USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/9/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCARSDALE CENTRAL SERVICE, INC.
                Plaintiff,

-against-

CUMBERLAND FARMS, INC., et al.
                Defendants.

No. 13-CV-08730 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Defendants, Cumberland Farms and Gulf Oil Limited Partnership, (collectively "Defendants") move for an award of damages for unpaid rent and gasoline delivery fees, reasonable attorney's fees and costs in the amount of $127,161.49. This request for damages follows from the Court's Opinion and Order, dated February 13, 2015, granting Defendants' motion for summary judgment on their counterclaims for *inter alia*, breach of the lease agreement and gasoline supply contract.[1] The Court assumes for purposes of this motion the parties' familiarity with both the factual and procedural background of the case. For the following reasons, the Defendants' request for a monetary judgment for unpaid rent and gasoline supply fees is GRANTED and request for reasonable attorney's fees is GRANTED subject to a hearing on the reasonableness of such fees, without opposition.

---

[1] The record reflects that the lease and franchise agreements in question existed between Gulf Oil Limited Partnership, a subsidiary of Cumberland Farms, Inc., and J and V. Central Service Inc. and were signed on December 1, 2010 and October 3, 2010, respectively. (Defs.' Ex.1.) The three-year franchise was later transferred from J and V Central Service, Inc. to newly formed corporation, Scarsdale Central Service Inc. (Defs.' Ex. 3.) Such agreement was signed April 19, 2012. *Id.*

1

## DISCUSSION

Defendants seek a monetary judgement in the amount of $39,949.49 for unpaid rent and gasoline delivery fees, $86,497 in reasonable attorney's fees, and $715 in costs. (Defendants' Motion for An Award of Damages, Attorney's Fees and Costs ("Defs.' Mot." p. 1)). Defendants assert Plaintiff, Scarsdale Central Service, Inc., ("Plaintiff"), as lessee and occupant of the premises, 880 Central Park Avenue, Scarsdale, NY, failed to pay rent for four months, December 2013 until March 2014. (Memorandum of Law in Support of Defendants' Motion for an Award of Damages, Attorney's Fees and Costs ("Defs.' Memo", 4)).  Defendants also assert Plaintiff failed to pay the fees for two gasoline deliveries on November 22, 2013 and November 27, 2013, pursuant to the terms of the gasoline supply contract. *Id.*  Lastly, Defendants affirm they are entitled to attorney's fees as provided in the lease agreement, the franchise agreement and by statute. (*Id*. at 5.)

### I.     Unpaid Rent and Delivered Gasoline

The Court's ability to enter judgment for a sum certain "contemplates a situation in which, once liability has been established, there can be no dispute as to the amount due." *See Stephan B. Gleich & Associates v. Gritsipis*, 87 A.D.3d 216, 222 (2d Dep't 2011) (internal citations omitted).  The most common example of a sum certain is an action of debt; where there is an express contract to pay a particular amount at a fixed time." *Gersh v. Johansen*, 76 A.D.2d 916 (2d Dep't 1980). *See also Weissman v. Sinorm Deli*, 88 N.Y.2d 437, 444 (1996) ("The prototypical example of an instrument within the ambit of the statute is of course a negotiable instrument for the payment of money--an unconditional promise to pay a sum certain, signed by

the maker and due on demand or at a definite time." (*Id.*)). Defendants have established that contracts existed both for the payment of rent and for the delivery of gasoline. (Defendants' Exhibit "Defs.' Ex." 1, 2). Additionally, as stated in this Court's grant of summary judgment, "[i]t is undisputed that Plaintiff continued to occupy the Premises from December 2013 through at least early 2014, and that Plaintiff failed to pay rent or use and occupancy during that time." *Scarsdale Central Service Inc., v. Cumberland Farms*, 2015 WL 678761, *10 (S.D.N.Y. Feb. 3, 2015). Plaintiff failed to proffer any proof of payment for the gasoline deliveries. *Id.* Consequently, both the unpaid gasoline and unpaid rent claims present a "sum certain" and the court may award damages based on the prices agreed upon in the contracts signed by the parties.

The operative lease agreement, dated December 1, 2010, provides in relevant part, that the lessee is obligated to pay monthly rent in the amount of $10,613.00, due the first of every month, for the period of December 1, 2012 through November 30, 2012. (Defendants' Exhibit ("Defs.' Ex.") 1, ¶ 3). Defendants aver that Plaintiff, as lessee, occupied the subject premises and failed to pay rent for the months of December 2013 through March 2014. Thus, Defendants seek and are entitled to a monetary judgement in the amount of $42,252.00.

Additionally, the total amount for each respective delivery of gasoline is $16,755.833 and $29,920.59. (Defs.' Exs. 4, 5). Although the amount of unpaid rent and gasoline totals to $89,128.42, Defendants assert they maintained a security reserve of $49,178.93 which they seek to offset against any amount due by plaintiff. (Defs.' Memo, 4). Therefore, the total amount for both unpaid rent and delivery of gasoline, after apply the security funds held by Defendants, is $39,949.49. The court thereby GRANTS Defendants' request for an award of damages in the amount of $39,949.49 in the form of a monetary judgment.

## II.     Attorney's fees

Generally, the "American Rule" requires that each party to a lawsuit bear its own litigation costs and that "the prevailing party may not recover attorneys' fees as costs or otherwise." *Castillo Grand, LLC v. Sheraton Operating Corp.*, F.3d 120, 123 (2nd Cir. 2013) (quoting *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 245, (1975)). However, there are exceptions to this practice. In certain instances, where there have been allegations that an opponent has "acted in bad faith, vexaciously, wantonly, or for oppressive reasons," courts have allowed a party to claim recovery of attorneys' fees. *F.D. Rich Co. v. U.S.*, 417 U.S. 116, 129 (1974).  Additionally, where Congress has allowed for such by statute, attorneys' fees may be recoverable. *Alyeska Pipeline,* 421 U.S. at 245. Finally, attorneys' fees may be recouped when the parties have explicitly contracted for their recovery.  *A.G. Ship Maint. Corp. v. Lezak,* 69 N.Y.2d 1, 5 (1986).

### A.  Lease

Defendants first contend that they are entitled to attorney's fees because the lease signed by Plaintiff allows for the recovery of such costs. The lease states, "[l]essee shall reimburse Lessor for all reasonable costs **(including all attorney's fees**) that lessor incurs in enforcing its rights and remedies under this lease." (Defs.' Ex.1, ¶ 19) (emphasis added).

Furthermore, the Franchise addendum dated October 13, 2010 states:

> Dealer hereby agrees to release, indemnify, defend and save harmless Gulf, its representatives, successors and assigns from and against any and all liability, costs, demands or claims for injuries, death, loss or damage of any kind of character, **including attorney's fees** and costs of defense, to the person or property of Gulf and its employees, agents, servants, representatives or invitees or any third parties, by whomever suffered or asserted, which may arise in connection with or resulting in any way from the use, operation or performance (direct or indirect) of the ancillary activities listed above.

(Defs.' Ex. A, 1) (emphasis added).

Pursuant to a valid lease provision, a landlord has a right to recover reasonable attorney's fees. *Miller Realty Associates v. Amendola*, 51 A.D.3d 987, 990 (2d Dep't 2008). The landlord must also be a "prevailing party" and the determination of such requires "an initial consideration of the true scope of the issue litigated, followed by a comparison of what was achieved within that scope." *Excelsior 57th Corp. v. Winters*, 227 A.D.2d 146, 147 (1st Dep't 1994). Defendants' motion for summary judgment was granted in its entirety. *Scarsdale*, 2015 WL 678761 at *11. Defendants then should be accorded the status of "prevailing party" and are entitled to recover attorney's fees pursuant to the lease agreement.

### B. The Contract of Sale

Defendants assert that they are also entitled to attorneys' fees because Plaintiff's trademark infringement constituted a breach of the Contract of Sale. The Contract of Sale is incorporated into the lease by the following language:

> …Lessor and Lessee are entering into a Contract of Sale establishing the terms for sale of petroleum products, which Contract of Sale is incorporated herein and made a part hereof. Lessee argues as a covenant of this lease, that the breach of any of the terms or conditions of the Contract of sale shall constitute a breach of this lease, and that termination of the contract of sale shall, at the option of Lessor, terminate this lease.

(Defs.' Ex. 1, ¶ 2.)

The Contract of Sale specifies the duties on the part of Plaintiff with regard to the trademarks and brand name of Defendant. (Defs.' Ex. 2, ¶ 2). Because the Court has already determined that Plaintiff sold gasoline in violation of the Gulf trademark, as provided in the Contract of Sale, the Court finds Defendants are entitled to attorney's fees on this ground, as well. *Scarsdale*, 2015 WL 678761 at *9.

5

### C. The Lanham Act

Finally, Defendants argue that they are entitled to attorney's fees under the Lanham Act. (Defs.' Memo, 5.) 15 U.S.C. § 1117 (a) provides in relevant part:

> When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a) or (d) of this title, or a willful violation under section 1125(c) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action… The court in exceptional cases may award reasonable attorney fees to the prevailing party.

*Id.*

Therefore, awards of reasonable attorney fees for Trademark Act violations are permissive and "are only appropriate in 'exceptional cases' under § 1117(a)[.]" *Sara Lee Corp. v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 170 (S.D.N.Y. 1999). "'Exceptional' cases are not defined in the statute, but the Second Circuit generally interprets 'exceptional' to mean instances in which there is willful infringement, bad faith, or fraud." *Eu Yan Sang Intern. Ltd. v. S & M Enterprises (U.S.A.) Enterprise Corp.,* 2010 WL 3824129 *6 (E.D.N.Y. Sep. 8, 2010). In the course of proceedings, Plaintiff admitted that it had sold gasoline from an unauthorized third party under the Gulf trademark following the effective termination of the franchise. *Scarsdale,* WL 678761 at *9, (Defs.' Ex. 2, ¶ 2). Because Plaintiff has offered no evidence to the contrary, the court finds that such infringement of the Gulf trademark was "willful" and constitutes an "exceptional case" under the Lanham Act.

The statute also requires that the claimant for attorney's fees be a prevailing party as "[c]ourts generally award costs to prevailing parties in Lanham Act cases." *Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 82 F. Supp. 2d 136, 150 (S.D.N.Y. 2000). "A plaintiff may properly be considered a prevailing party for fee purposes on the basis of an entry [.]" *Eu Yan Sang*, 2010

6

WL 3824129 at *6. Therefore, one who demonstrates a violation of the Lanham Act is a "prevailing party" who may then be awarded reasonable attorney's fees. *Id.* The Court's grant of summary judgment to Defendants, in its entirety, effectively established that Plaintiff had infringed on federally registered trademarks under the Lanham Act. *Scarsdale,* 2015 WL 678761, at *3. Defendants are then a "prevailing party" and is now entitled to reasonable attorney's fees. The Court thereby GRANTS Defendants' request for attorney's fees, subject to a hearing on the reasonableness of fees, without opposition.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion seeking a monetary judgment for unpaid rent and gasoline delivery fees is granted in the amount of $39,949.49, plus interest. Defendants' motion for attorney's fees and costs is GRANTED to the extent of setting this matter down for a hearing to determine the amount of reasonable attorney's fees. Movants are directed to contact chambers for the purpose of scheduling of a hearing. The Clerk of the Court is respectfully directed to terminate the motion at Docket Entry No. 93.

Dated: March 9, 2016
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge